**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KC **FILED**
MAY 2 6 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JH

| | |
|---|---|
| REGINALD HIGHTOWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | **06CV2937** |
| CITY OF CHICAGO, and THREE | **JUDGE MORAN** |
| UNKNOWN CHICAGO POLICE OFFICERS, | **MAGISTRATE JUDGE DENLOW** |
| | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT AND JURY DEMAND

REGINALD HIGHTOWER, Plaintiff, by and through his undersigned attorneys,

complains of Defendants, CITY OF CHICAGO and THREE UNKNOWN CHICAGO

POLICE OFFICERS, and states as follows:

### Jurisdiction

1.     This complaint alleges violations of plaintiff's rights under the Fourth and

Fourteenth Amendments to the United States Constitution and title 42,

United States Code 1983; therefore jurisdiction of this court is invoked

pursuant to title 28, United States Code 1331.

2.     This complaint also alleges violations of plaintiff's rights under state law

and jurisdiction of this court is invoked pursuant to its supplemental

jurisdiction under title 28 United States Code §1367.

### Parties

3.     At all times relevant hereto, the plaintiff was an adult African American

resident of Chicago, Illinois.

1

4.     Defendant City of Chicago is a municipal corporation existing under the
       laws of Illinois.

5.     At all times relevant hereto, the defendant officers, whose identities are
       currently not known to plaintiff, were police officers for the City of
       Chicago and were acting under the color of the law and within the scope
       of their employment.

### Venue

6.     The violations alleged herein occurred in the Northern District of Illinois;
       therefore, venue is proper in this district pursuant to title 28, United States
       Code 1391.

### Factual Allegations

7.     On June 5, 2005 at approximately 1:30 in the afternoon, Plaintiff Reginald
       Hightower ("Hightower") was in the vicinity of Pulaski and Van Buren.

8.     At said time and place, the three defendant officers approached Hightower
       in a Chicago Police vehicle. The officers asked Hightower to come
       toward the vehicle. Reginald Hightower then refused the request and left
       the scene. At this point all three police officers exited the vehicle and
       began to run after Hightower.

9.     During the pursuit, the officers caught up to Hightower in a gangway and
       tripped him, holding him on the ground and placing him in handcuffs
       behind his back in an overly restrictive and tight manner causing abrasions
       to his wrists.

2

10. The officers picked Hightower up by his handcuffs, searched him, and walked him back through the gangway toward the police car.

11. Before crossing the street to the police vehicle, the defendant officers, in plain view of at least two witnesses, forcefully threw Hightower onto the ground, causing him to land, hip first, on the concrete.

12. After the serious impact to his hip, Hightower informed the police officers that he was unable get up from the ground. The officers pulled him up and commanded him to walk to the police car. Hightower fell to the ground two more times before the officers assisted him into the police vehicle.

13. Once inside the police vehicle Hightower repeatedly complained to the officers about severe pain and increasing numbness he was feeling in his right hip and leg. The officers proceeded to drive around with Hightower in the backseat of the car for two and a half hours before they arrived at the police station at 4:00 PM. Despite numerous requests by the plaintiff, the officers refused to get Hightower medical treatment.

14. Once outside of the police station one of the defendant officers told Hightower that if he could walk by himself into the police station, then he would be charged with a misdemeanor as opposed to a felony. Hightower exited the vehicle and attempted to walk to the station. After falling to the ground four times, the officers assisted him inside the station.

15. Inside the station Hightower continued to complain about the excruciating pain he was having as a result of the trauma to his hip. One of the defendant officers again told him that if he could walk across the room

3

unassisted he would only be charged with a misdemeanor and not a felony. The officer repeated this "deal" three times, accompanied by abusive language and comments about the plaintiff's "acting ability." Hightower attempted to walk, fell to the floor again and was finally taken to Mt. Sinai Hospital where he was diagnosed with a severely dislocated, fractured hip.

16.    Hightower had surgery on his hip immediately and spent five days in the hospital. He remained in a half-body cast for six months and may require further surgery.

17.    The defendant officers initiated and continued judicial proceedings against the plaintiff by intentionally making knowingly false statements in police reports. This false and malicious conduct resulted in the plaintiffs being charged with and prosecuted for Possession of a Controlled Substance, case No. 05 CR 1243355.

18.    On July 7, 2005 the plaintiff's case was dismissed.

### Count I—42 U.S.C. §1983

19.    Plaintiff re-alleges paragraphs 1-18 as if fully repleaded herein.

20.    On June 5, 2005, the defendant officers, acting under color of law, searched and arrested plaintiff Hightower without a warrant and without probable cause to believe that plaintiff Hightower had committed a crime. This arrest and search was in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

4

21.     The defendants used excessive physical force against the plaintiff and unlawfully and maliciously arrested him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

22.     During the arrest of the plaintiff, the defendant officers used excessive and unnecessary force in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

23.     The defendant officers failed to immediately provide plaintiff Hightower with medical care after they had clearly seriously injured Hightower during the arrest, in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States.

24.     As a direct and proximate result of this illegal arrest, excessive force, and unlawful search, the plaintiff has suffered extensive damages, including but not limited to: severe and permanent physical and emotional harm, medical and other out of pocket costs, and other damages which will be proven at trial.

WHEREFORE, plaintiff Hightower, prays judgment against the defendants in a fair and just amount sufficient to compensate him for all injuries he suffered and will continue to suffer, plus a substantial sum in punitive damages against each of the defendant police officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count II – False Arrest

25.     Plaintiff re-alleges paragraphs 1-18 as if fully repleaded herein.

5

26. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

27. The arrest of the plaintiff was caused by the defendant officers without any warrant, without authority of the law, without any reasonable cause or belief that the plaintiff was in fact guilty of a crime, without exigent circumstances, and without any other legal justification.

28. The said defendants were acting within the scope of their employment and within the rules and customs of the Chicago Police Department when they falsely arrested the plaintiff.

29. As a direct and proximate result of this illegal and malicious conduct, the plaintiff has suffered extensive damages, including but not limited to: severe physical and emotional harm, lost income during the period of the plaintiff's disablement, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, plaintiff Hightower, prays judgment against the defendants in a fair and just amount sufficient to compensate him for all injuries and the permanent physical injuries he suffered and will continue to suffer, plus a substantial sum in punitive damages against each of the defendant police officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count III—Malicious Prosecution

30. Plaintiff re-alleges paragraphs 1-18 as if fully repleaded herein.

31. The defendant officers initiated and continued judicial proceedings against the plaintiff by intentionally making knowingly false statements in police

6

reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in the plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

32.    The defendant officers instituted the judicial proceedings against the plaintiff with malice and with willful and wanton disregard for the truth.

33.    The defendants brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

34.    On July 7, 2005 the plaintiff's case was dismissed.

35.    As a direct and proximate result of this illegal and malicious conduct, the plaintiff has suffered extensive damages, including but not limited to: severe physical and emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, plaintiff Hightower, prays judgment against the defendants in a fair and just amount sufficient to compensate him for all injuries and the permanent physical injuries he suffered and will continue to suffer, plus a substantial sum in punitive damages against each of the defendant police officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count IV - Battery

36.    The plaintiff re-alleges paragraphs 1-18 as if fully repleaded herein.

37.    Jurisdiction of this court is pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

7

38.     The defendants' actions constituted an uninvited and unwarranted contact
        with plaintiff Hightower.  Additionally, the defendants knew with
        reasonable certainty that their actions would cause the plaintiff physical
        harm.

39.     The defendants were acting as employees of defendant City of Chicago
        and within the scope of their employment when they grabbed the plaintiff,
        placed handcuffs on him in an overly restrictive and tight manner causing
        abrasions to his wrists, and repeatedly threw him to the ground.

40.     The plaintiff suffered injuries as a result of said intentional battery
        including a broken hip, abrasions and bruising to his body.

41.     The plaintiff will continue to suffer permanent injuries as a result of his
        broken hip.

WHEREFORE, plaintiff Hightower, prays judgment against the defendants in a
fair and just amount sufficient to compensate him for all injuries and the permanent
physical injuries he suffered and will continue to suffer, plus a substantial sum in punitive
damages against each of the defendant police officers, costs and reasonable attorney fees,
and all such other relief as this Court finds just and equitable.

### Count V – Intentional Infliction of Emotional Distress

42.     The plaintiff re-alleges paragraphs 1-18 as if fully repleaded herein.

43.     Jurisdiction of this court is invoked pursuant to its supplemental
        jurisdiction under title 28, United States Code §1367.

44.     The defendants' illegal arrest, excessive force and unlawful seizure against
        the plaintiff were committed with intentional disregard for the plaintiff's

8

innocence, and amount to extreme and outrageous conduct against the
plaintiff.

45.     Moreover, the defendant officers' deliberate and callous indifference to
        plaintiff's medical needs during his confinement in addition to their
        taunting and manipulative tactics effect pain and distress beyond what any
        human can be expected to endure.

46.     The defendants intended to inflict severe emotional distress upon the
        plaintiff and knew that there was a high probability that their conduct
        would cause him severe emotional distress and mental anguish.

47.     As a direct and proximate result of this illegal and malicious conduct, the
        plaintiff has suffered extensive damages, including but not limited to:
        severe physical and emotional harm, lost income, legal and other out-of-
        pocket costs and other damages which will be proven at trial.

WHEREFORE, plaintiff Hightower, prays judgment against the defendants in a
fair and just amount sufficient to compensate him for all injuries and the permanent
physical injuries he suffered and will continue to suffer, plus a substantial sum in punitive
damages against each of the defendant police officers, costs and reasonable attorney fees,
and all such other relief as this Court finds just and equitable.

## Count VI—Municipal Liability

48.     Plaintiff re-alleges paragraphs 1-18 as if fully repleaded herein.

49.     The City of Chicago has a duty to train, supervise, and discipline Chicago
        Police Officers.

9

50.     The above-described deprivation of the plaintiff's rights was caused by the failure of defendant City of Chicago to adequately train, supervise, and discipline the defendants on a continuing basis regarding use of force, proper arrest procedures, their duties to refrain from unlawfully and maliciously arresting an African American citizen who was acting fully in conformity with all laws, statutes, and ordinances, and conspiring to violate the rights, privileges, and immunities guaranteed to plaintiff by laws, statutes, and ordinances of the United States and the State of Illinois.

51.     Defendant City of Chicago had and has specific knowledge of said policies, practices, or customs and exhibited a deliberate indifference to the unreasonable risk of serious injury which said policies posed as evident by previously filed civil complaints against the City of Chicago and Chicago Police Officers. (*Freddie Freeman v. City of Chicago, et. al.*, No. 05 C 1018, *Fred Elkins, et. al. v. City of Chicago, et.. al.*, No. 04 C 7906, *George Edwards v. City of Chicago, et. al.*, No. 05 4564; all §1983 actions alleging similar misconduct on the part of Chicago Police Officers).

WHEREFORE, plaintiff Hightower, prays judgment against the defendant City of Chicago in a fair and just amount sufficient to compensate him for all injuries and the permanent physical injuries he suffered and will continue to suffer, plus costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable..

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

REGINALD HIGHTOWER

By_____
    One of his attorneys

Jeffrey Granich
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
A.R.D.C. No. 6207030
(312) 939-9009

Josh M. Friedman
Law Offices of Josh M. Friedman
120 South State St.
Suite 200
Chicago, IL 60603
(312) 727-0999
A.R.D.C. No. 6220313

11