IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| REGINALD HIGHTOWER, | ) | |
|---|---|---|
| | ) | **FILED** |
| Plaintiff, | ) | |
| | ) | OCT 4 - 2007 |
| vs. | ) | No. 06 C 2937 |
| | ) | Judge James B. Moran |
| Officer John Murphy, Officer Daniel | ) | United States District Court |
| Gallagher, Officer P.C. Devine and | ) | |
| CITY OF CHICAGO, | ) | Judge Moran |
| | ) | |
| Defendants. | ) | |

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff, Reginald Hightower, by one of his attorneys, Jeffrey Granich, defendant, City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and defendants Officer John Murphy, Officer Daniel Gallagher, Officer P.C. Devine by their attorney, Margaret Carey, herein stipulate and agree to the following:

1. This action has been brought by plaintiff, Reginald Hightower, against defendants, City of Chicago, and individual officers John Murphy, Daniel Gallagher and P.C. Devine, and makes certain allegations contained in plaintiff's amended complaint.

2. Defendants deny each and every allegation of wrongdoing as stated in plaintiff's amended complaint, and, further, deny liability.

3. The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any

defendant and/or the City of Chicago's future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff and his attorneys agree that they or any firm with which said attorneys are affiliated or with which said attorneys may later become affiliated shall not use this settlement as notice of misconduct on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff, Reginald Hightower, agrees to dismiss with prejudice all of his claims against defendants, City of Chicago, and individual officers John Murphy, Daniel Gallagher and P.C. Devine, with each side bearing its own costs and attorneys' fees.

5. Plaintiff, Reginald Hightower, accepts a settlement from defendant, City of Chicago, in the total amount of TWENTY-ONE THOUSAND AND NO/100 DOLLARS ($21,000.00), with each side bearing its own costs and attorneys' fees.

6. The City of Chicago agrees to pay plaintiff the total settlement amount within sixty (60) days of receipt by Corporation Counsel's Office of all Confidential Matter tendered to Plaintiff and/or his counsel under the Protective Order entered June 19, 2007, a court-entered order dismissing this case with prejudice, a court-entered stipulation of dismissal, a fully executed settlement agreement, and any other court-entered order necessary for the disposition of

funds, whichever is received later. This sum shall be payable solely by the City of Chicago, and plaintiff and/or his attorney agree that they will not seek payment from any source other than the City of Chicago. The settlement check will be made payable to plaintiff, his attorney, and lien claimants, if any, of which the City has notice.

7. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff agrees to indemnify and hold harmless the City of Chicago, and its future, current, or former officers, agents and employees including, but not limited to, the individual defendants, Officers John Murphy, Daniel Gallagher and P.C. Devine, from any claims, losses, damages or expenses, including attorneys' fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by plaintiff under this settlement entered pursuant to this Release and Settlement Agreement.

8. Plaintiff, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, plaintiff does hereby release and forever discharge on behalf of himself and his heirs, executors, administrators and assigns, all claims he had or has against the individual defendant, Officers John Murphy, Daniel Gallagher and P.C. Devine, and the City of Chicago, and its future, current or former officers, agents and employees, including but not limited to all claims he had, has, or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

9. This Release and Settlement Agreement and any documents that may be executed

under paragraph 12 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

10. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

11. In entering into this Release and Settlement Agreement, plaintiff represents that he has relied upon the advice of his attorneys, who are the attorneys of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorneys, and that those terms are fully understood and voluntarily accepted by plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his their attorneys have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

12. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

_Reginald Hightower_
Reginald Hightower, plaintiff

Address: Route 9 West
P.O Box 1900
Canton, IL 61520
Inmate No: R28437
Date of birth: 7/12/85

*SSN:

_Jeffrey Granich_
Jeffrey Granich
Attorney for plaintiff
Reginald Hightower
53 W. Jackson Blvd., Suite 840
Chicago, Illinois 60604
(312) 939-9009
Attorney No. 6207030

DATE: 9/17/07

*Providing SSN is voluntary

City of Chicago
a Municipal Corporation

Mara S. Georges
Corporation Counsel
Attorney for City of Chicago

BY: _Kimberly Grunewald_
Kimberly M. Grunewald
Assistant Corporation Counsel
30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6951
Attorney No. 6273009

DATE: 9/21/07

_Margaret Carey_
Margaret Carey
Senior Assistant Corporation Counsel
Attorney for defendants,
John Murphy, Daniel Gallagher and
P.C. Devine
30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-6073
Attorney No. 06206693

DATE: 9/24/07

5